IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUSTY ANDREW CHAVIS,      )
                          )
    Plaintiff,             )
                          )
    v.                     )         1:15CV78
                          )
SOUTHERN HEALTH PARTNERS, et al.,  )
                          )
    Defendants.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon motion of Plaintiff Dusty Andrew Chavis for a preliminary injunction. (Docket Entry 26.) Defendants Southern Health Partners ("SHP"), Lt. Parker, and Sergeant Smith have filed responses. (Docket Entries 28, 29.) For the reasons stated herein, the undersigned recommends that this motion be denied.

## BACKGROUND

Plaintiff, a *pro se* prisoner housed at the Hoke County Detention Center, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to provide adequate medical care for Plaintiff in violation of his constitutional rights. (*See* Complaint, Docket Entry 2; Suppl. to Compl., Docket Entry 7.) In the instant motion, Plaintiff seeks a "Preliminary Injunction ordering all defendants to cease and desist any and all forms of deliberate acts of indifference and or acts of malice directed at the Plaintiff in response to Plaintiff's (1983) suit or otherwise face further legal action in this matter." (Pl.'s Mot. at 3-4, Docket Entry 26.) Plaintiff also "request that the court order the defendants to provide adequate medical care to

1

Plaintiff and or respond to any condition in a reasonable manner or otherwise face further legal action on the matter." (*Id.* at 4.) In its response, SHP asserts, inter alia, that Plaintiff has not alleged specific facts in the Complaint nor provided affidavits which would warrant granting his motion. (SHP's Resp. Br., Docket Entry 28.) Defendants Lt. Parker and Sergeant Smith also responded, arguing that Plaintiff has not shown he is entitled to a preliminary injunction because of his failure to show a clear likelihood of success on the merits. (Defs.' Br., Docket Entry 29.)

## DISCUSSION

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A party must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-22; *Real Truth*, 575 F.3d at 347. Only then does the court consider whether the

---

[1] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the facts and articulating the standard for issuance of a preliminary injunction, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).
2

balance of equities tips in the favor of the party seeking the injunction. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the impact of the extraordinary relief of an injunction upon the public interest. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 23-24). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and quotation omitted) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. At this point in the proceedings Plaintiff has not made a "clear showing" that he is likely to succeed on the merits. *Winter*, 444 U.S. at 22. He has merely stated that Defendant provided inadequate medical care to him, thus violating his constitutional rights, and that Defendants should stop deliberate acts of indifference against Plaintiff. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment); *see also De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) ("[A] prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need."); *King v. United States*, 536 F. App'x 358, 361 (4th Cir. 2013) (citation and quotation omitted) (concluding that inadequate treatment constituting deliberate indifference to a serious medical need means that "the treatment a prisoner receives must be so grossly incompetent,

3

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). Here, Plaintiff has not presented evidence of undisputed deliberate indifference, thus Plaintiff has not made a clear showing of likelihood of success on the merits.

Additionally, Plaintiff has failed to show that he will suffer irreparable harm if an injunction is not issued. While Plaintiff disagrees with the medical treatment he has received, he has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm if this Court fails to issue an order directing Defendants to provide adequate care to Plaintiff's satisfaction.

Further, Plaintiff has not shown that the balance of equities tips in his favor. Courts have long recognized that a prisoner has no constitutional right to receive a particular treatment or be evaluated by a specialist just because he believes such care is necessary. *De'lonta v. Johnson*, 708 F.3d at 526. The balance of equities in this situation does not favor Plaintiff.

Finally, Plaintiff has not shown that an injunction is in the public interest. This Court cannot conclude that the public interest would be served by court involvement in medical care provided to inmates. *See e.g.*, *Wyer v. Conmed Healthcare Management, Inc.*, Civil Action No. GLR-12-3362, 2013 WL 105341, at *3 (D. Md. Jan. 8, 2013) (where prisoner alleged deliberate indifference to medical needs, court finds "disagreement over medical care does not implicate a claim of constitutional magnitude" and that "the public interest would not be served by ordering injunctive relief"). Accordingly, this Court recommends that Plaintiff's motion for a preliminary injunction be denied.

4

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a Preliminary Injunction (Docket Entry 26) be **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　／s／ Joe L. Webster
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

January 25, 2016
Durham, North Carolina